UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Woods Cove III, LLC,** | ) | **CASE NO. 1: 21 CV 2244** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Theodis Fipps,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Theodis Fipps, an Ohio resident acting *pro se*, initiated this action by filing a Notice of Removal (Doc. No. 1), seeking to remove a state tax certificate foreclosure action filed against him and other defendants in the Cuyahoga County Court of Common Pleas. *See* Doc. No. 1-2, *Woods Cove III, LLC v. Theodis Fipps, et al*., No. CV 16-863466 (Gallagher, J.) (the "state action"). The docket in the state action indicates that a decree of foreclosure was entered against Mr. Fipps and the other defendants in the case. (*See* Doc. No. 1-3 at 10-11.)

With his Notice of Removal, Mr. Fipps has filed a Motion for a Temporary Restraining Order (Doc. No. 3), asking this Court to restrain "an eviction scheduled for December 1, 2021" in the state action "due to wrongful conduct of non joinder," and stating that "the sheriff's sale never reflected, acknowledge[d], or noticed the current title holder of record." (*Id*. at 1-2.)

Upon review, the Court finds that there is no basis for an exercise of federal removal jurisdiction in this case and that this action must be remanded to state court.

A defendant may remove "any civil action brought in State court of which the district

courts have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction only over civil actions that arise under the Constitution, laws, or treaties of the United States, and, over cases that involve parties of diverse citizenship meeting an amount-in-controversy requirement. *See* 28 U.S.C. §§ 1331; 1332(a). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and a case must be remanded if it appears at any time that the district court lacks subject-matter jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006); 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Mr. Fipps has not demonstrated, and the Court does not find, any valid basis for an exercise of federal removal jurisdiction in this case.

Although Mr. Fipps asserts in his Notice of Removal that he seeks to remove the state action on the basis of a "Federal Question" (Doc. No. 1 at 1), he has failed to demonstrate a valid basis for federal question jurisdiction. Removal jurisdiction based on a federal question is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint in the state action on its face alleges no cause of action arising under federal law. Rather, the complaint alleges claims only arising under Ohio law. (*See* Doc. No. 1-2.)

Even if Mr. Fipps purports to assert a violation of his rights arising under federal law as a defense to the legitimacy of the state proceedings and/or the judgment in the state action, it is well established that federal causes of action raised in defenses are not adequate to establish federal question jurisdiction and do not provide a proper basis for removal of an action alleging

state law claims. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 84, 808 (1986).

There is also no basis for removal on the basis of diversity jurisdiction. Mr. Fipps represents he is an Ohio resident, and an action may not be removed on the basis of diversity "if any of the parties . . . served as defendants [in the state action] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## Conclusion

Accordingly, there being no valid basis for an exercise of federal removal jurisdiction in this case, the action will be remanded to Cuyahoga County Court of Common Pleas in accordance with 28 U.S.C. § 1447(c). The Court further certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1447(d).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/29/21